UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael McBee, | C/A No. 8:24-cv-1242-JDA-WSB |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Maj. Steven Anderson, Cpt. Wells, CO Mark McKinney, CO Tristan Lewis, Dr. Steve Outz, | |
| Defendants. | |

This matter is before the Court on Maj. Steven Anderson ("Anderson"), CO Tristain Lewis ("Lewis"), CO Mark McKinney ("McKinney"), and Cpt. Wells' ("Wells") Motion to Dismiss for Lack of Prosecution, ECF No. 44, and Dr. Steve Outz's ("Outz") Motion to Join in the Motion to Dismiss by Other Defendants, ECF No. 47.  Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, seeks relief pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on the standard form, which was entered on the Court's docket on March 14, 2024.  ECF No. 1.  The Court entered a Proper Form Order and Notice on April 8, 2024.  ECF No. 10.  Thereafter, Plaintiff filed an Amended Complaint on April 24, 2024.  ECF No. 15.  By Order dated May 1, 2024, the Court authorized service of the

Amended Complaint on Defendants. ECF No. 20. A copy of that Order was mailed to Plaintiff at the address he provided to the Court. ECF No. 21. However, the Order was returned as undeliverable, with a notation on the envelope stating "RTS not here." ECF No. 25.

Anderson, Lewis, McKinney, and Wells filed an Answer on July 2, 2024, and Outz filed a separate Answer on the same date. ECF Nos. 31; 32. On September 24, 2024, Anderson, Lewis, McKinney, and Wells filed the instant Motion to Dismiss for Lack of Prosecution. ECF No. 44. In the motion, Defendants' counsel identifies efforts to serve Plaintiff with court documents, which were returned as undeliverable. ECF Nos. 44-1; 44-2.

The Court entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on September 26, 2024, advising Plaintiff of the importance of the motion and of the need for him to file an adequate response by October 28, 2024. ECF No. 45. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' Motion may be granted, thereby ending this case. *Id.* The Order was mailed to the address provided by Plaintiff. ECF No. 46. On October 1, 2024, Outz filed a Motion to Join in the Motion to Dismiss by Other Defendants. ECF No. 47.

Notwithstanding the specific warning and instructions set forth in the Court's *Roseboro* Order, Plaintiff has failed to respond to Defendants' Motion to Dismiss. Additionally, the Court's *Roseboro* Order was returned to the Court as undeliverable with a notation on the envelope stating "RTS NOT HERE." ECF No. 59. On October 15, 2024, the Court granted Defendants' Motions for Extension of Time to File Dispositive Motions. ECF Nos. 52; 56. These Orders were mailed to the address provided by Plaintiff but were returned as undeliverable, with a notation on the envelope stating "RTS not here" and "RTS released." ECF Nos. 53; 57; 61.

## ANALYSIS

Based on the foregoing, it appears to the Court that Plaintiff has abandoned this matter, and this case is therefore subject to dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not filed anything in this case since April 24, 2024, when he filed his Amended Complaint. ECF No. 15. Further, it appears that Plaintiff has moved but failed to provide the Court or opposing counsel with an updated address at which he can receive mail. As such, neither the Court nor counsel for Defendants are able to communicate with Plaintiff.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

>(1) the degree of personal responsibility on the part of the plaintiff;
>
>(2) the amount of prejudice to the defendant caused by the delay;
>
>(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
>(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. ... In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

Plaintiff has allowed the deadlines set forth by the Court to pass without filing any response. Because Plaintiff is proceeding *pro se*, he is personally responsible for this failure. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed. Meanwhile, Defendants are left to wonder when the action will be resolved. In this Court's *Roseboro* Order dated September 26, 2024, the Court clearly stated that if Plaintiff failed to file his response, "**the court may grant the defendant's motion, which may end your case**." ECF No. 45 at 1 (emphasis in original). However, Plaintiff did not file a response to that Order. That Order was returned as undeliverable, and Plaintiff has failed to provide the Court with an updated address at which he receives his mail. As such, it appears to the Court that Plaintiff wishes to abandon his case. Because Plaintiff has failed to keep the Court apprised as to his current address, the Court concludes that sanctions less drastic than dismissal would not be effective.

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the district court grant Anderson, Lewis, McKinney, and Wells' Motion to Dismiss for Lack of Prosecution, ECF No. 44, and Outz's Motion to Join in the Motion to Dismiss by Other Defendants, ECF No. 47.

IT IS SO RECOMMENDED.

s/William S. Brown<br>United States Magistrate Judge

October 29, 2024
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).